## STONE v. GRAYSON SHOPS, Inc. (OF CALIFORNIA).

No. 176, Docket 21228.

United States Court of Appeals
Second Circuit.

March 16, 1949.

Writ of Certiorari Denied June 6, 1949.

See 69 S.Ct. 1171.

See also, D.C., 8 F.R.D. 101.

Lazansky, Callaghan & Stout, of New York City (Stephen Callaghan, Ralph Stout, and Thomas A. Gaffney, all of New York City, of counsel), for plaintiff.

Poletti, Diamond, Freidin & Mackay, of New York City (David Mackay and Emanuel L. Gordon, both of New York City, of counsel), for defendant.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

[1] Defendant asserted as its chief defenses (1) fraud, (2) breach of an express warranty, and (3) breach of an implied warranty. We think the trial judge correctly decided that, in support of these defenses, there was not evidence sufficient to go to the jury. Diamond, an experienced lawyer, who appeared in this suit as defendant's counsel, merely gave his understanding of what plaintiff said to him, but did not narrate what plaintiff said. In the circumstances, it is perhaps arguable that such testimony was not enough to serve as a foundation for a defense of fraud or misrepresentation, or express warranty.[1]

We shall, however, regard the express warranty as given. But it appears to us to mean only that Stone was surrendering a valuable contract which would not be rescinded by Klein. So understood, the statement was true, for, in assigning his contract and agreeing to the stock sale, Stone was giving up something of great worth to him, something which the Klein company had never questioned. His contract was a good one, in the practical sense that Stone's relationship with the Klein company was such that he could expect employment at the contractual rate for the duration of the contract term. It is incon-

---

[1] We do not decide whether oral testimony could be considered in support of an express warranty in the face of the written contract and written assignment. Cf. Zacharia v. Osaka Textiles, Inc., Sup., 7 N.Y.S.2d 696.

Nor, as bearing on fraud or misrepresentation, do we take account of the fact that defendant had examined the corporate records and might therefore have known of the alleged infirmities in plaintiff's employment contract.

ceivable that the Klein corporation would have tried to rescind the contract on account of the technical irregularities alleged.

To go a step further, we might assume as a fact that the Klein company has a remedy to recover from plaintiff any part of the funds or property allegedly converted. There is no evidence, however, as to how knowledge of this fact would have caused defendant to change the terms of its bargain with plaintiff; and, looking at the whole transaction, we think it would not make a sufficient difference to justify rescission of the contract between plaintiff and defendant. In addition to the desired benefit to defendant of getting rid of plaintiff's employment contract without a dispute or lawsuit, defendant obtained from plaintiff an agreement to refrain from assuming an executive position with any ladies' apparel department store in the borough of Manhattan for a period of six years, and also obtained the consent of plaintiff—an important figure in the negotiations—to the sale of the Klein stock.

■ Nor, on the facts, was there an implied warranty of the validity of the employment contract. While, ordinarily, an assignor of a contract right makes an implied warranty "that the right, as assigned, actually exists and is subject to no limitations or defenses other than those stated or apparent at the time of the assignment"— Restatement of Contracts, § 175—this rule applies only where the facts do not show a contrary intention. Assuming, arguendo, that the contract right here was subject to a defense which was not apparent, we think the facts disclose such a contrary intention, since defendant did not intend to exploit the contract. Looking at the whole situation, we agree with the trial judge that defendant obtained just what it bargained for. In purchasing the business, defendant wanted to replace the old officers and directors with its own staff of executives. To do so, it had to be rid of plaintiff, and therefore had to buy up or procure a release of his five-year contract. Obviously, defendant never itself intended to enforce that contract against the Klein corporation. Indeed, it could not have done so, for nothing would be due thereunder unless plaintiff continued to work for the Klein corporation. Patently defendant desired only to be free of plaintiff without a dispute or lawsuit. This the defendant got.

■ Defendant also argues that the assignment is invalid because there was not a quorum of disinterested directors present when the Klein corporation consented to the assignment. Perhaps such a consent would have been necessary if Grayson, as assignee, had intended to enforce the contract with the Klein company by naming plaintiff's successor. But here the purpose of the assignment was to terminate the contract with the Klein company, thus extinguishing plaintiff's rights thereunder; accordingly, so far as the defendant was concerned, there was no need to obtain the consent of the old management of the Klein corporation to the contract between the plaintiff and the defendant.

Affirmed.